# United States District Court

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
V.

LUILLI VILLA
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

Case Number: 1:06-M-34M

RECEIVED APR 04 2006 U.S. District Court District of Rhode Island

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I — Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

- ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in ______________.*
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841.
- ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

See the attached Reasons For Detention.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 4-5-06

David L. Martin
*Signature of Judicial Officer*

DAVID L. MARTIN, U.S. Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

UNITED STATES v. LUILLI VILLA
Case No. 1:06-M-34M

**REASONS FOR DETENTION**

A hearing was held on March 30, 2006. After consulting with counsel, the defendant waived a preliminary examination. The affidavit attached to the criminal complaint establishes probable cause to believe that the defendant did knowingly and intentionally distribute cocaine base on four occasions and did knowingly and intentionally possess with intent to distribute in excess of five grams of cocaine base on one occasion, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C). Four offenses carry maximum terms of imprisonment of twenty years. One offense carries a maximum term of imprisonment of forty years.

The defendant is presently held without bail by the State of Rhode Island as a violator of bail. The defendant waived his right to offer evidence rebutting statutory presumptions that there are no conditions or combination of conditions that will reasonably assure the presence of the defendant as required and the safety of the community. In addition, the Court notes the following areas of concern to the Court: 1) the instant case involves a controlled substance; 2) the defendant was on bail at

the time of the commission of the instant offenses; 3) the defendant has twice failed to appear for bail violation hearings; 4) the defendant has no work history for the previous year; and 5) the defendant is not a citizen of the United States and likely faces deportation if convicted of the instant offense.

Should the defendant's present circumstances change, he may petition This Court for release on conditions.

Detention is ORDERED.

David L. Martin

DAVID L. MARTIN
UNITED STATES MAGISTRATE JUDGE

4-5-06

Date